Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7008

EUGENE A. FOWLER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Eugene A. Fowler, of Miles City, Montana, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7008

EUGENE A. FOWLER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-2062, Judge Lawrence B. Hagel.

_____

DECIDED: February 5, 2008

_____

Before GAJARSA, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Eugene A. Fowler ("Fowler") appeals from an August 21, 2007 final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a July 5, 2005 decision by the Board of Veterans' Appeals ("Board") that denied entitlement to service connection for post-traumatic stress disorder. Because Fowler's arguments on appeal relate to issues over which we do not have jurisdiction, <u>see</u> 38 U.S.C. § 7292(d)(2), we <u>dismiss</u>.

Our jurisdiction to hear appeals from the Veterans Court is strictly limited to questions of law; we have no jurisdiction to review "(A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Fowler does not contend that the Veterans Court's decision involved the validity or interpretation any statute or regulation. Rather, Fowler's arguments on appeal all relate to alleged errors in the Board's finding that there was no service connnection. Such arguments are directed to factual determinations and the application of law to facts—issues outside the scope of our jurisdiction. Accordingly, because Fowler fails to present an issue over which we have jurisdiction, the appeal is dismissed.

COSTS

No costs.